THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Farrow Road Dental Group, P.A. and all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> AT&T, Corp., and Bellsouth Telecommunications, LLC d/b/a AT&T Southeast or d/b/a AT&T South Carolina, <br><br> Defendants. | Civil Action No. 3:17-cv-01615-CMC <br><br><br> **NOTICE OF REMOVAL** |

**YOU ARE HEREBY NOTIFIED** that, pursuant to 28 U.S.C §§ 1331, 1332, 1441, and 1446, Defendants AT&T Corp. ("AT&T") and Bellsouth Telecommunications, LLC d/b/a AT&T Southeast or d/b/a AT&T South Carolina ("Bellsouth") (collectively, "Defendants") remove this action previously pending in the Court of Common Pleas for the Fifth Judicial Circuit, Richland County, South Carolina, Civil Action No. 2017-CP-40-2791, to the United States District Court for the District of South Carolina, Columbia Division, on the following grounds:

**I.      COMMENCEMENT OF ACTION**

Plaintiff Farrow Road Dental Group, P.A. ("Plaintiff") commenced this action against Defendants by filing a Summons and Complaint on May 9, 2017.  BellSouth was served via certified mail on May 22, 2017, and AT&T was served via certified mail on May 23, 2017.  Therefore, this Notice of Removal is timely filed "within thirty days after the receipt . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ."  28 U.S.C. § 1446(b)(1).  Pursuant to 28 U.S.C. § 1446(a), the case is removed to the

district and division embracing the Richland County Court of Common Pleas. *See also* 28 U.S.C. § 121(2).

## II. PLEADINGS AND NOTICE TO STATE COURT

True and correct copies of all process and pleadings received by Defendants are attached and being filed contemporaneously with this Notice as Exhibit A. Pursuant to 28 U.S.C. § 1446(d) and Local Rule 83.IV.01, DSC, written notice of this removal is being served on the parties and is being filed with the Clerk of Court for the Richland County Court of Common Pleas.

## III. STATEMENT OF STATUTORY BASIS FOR JURISDICTION

The Complaint alleges that Plaintiff requested Defendants to transfer Plaintiff's telephone numbers to Time Warner Cable and that Defendants failed to properly accommodate this request. (Compl ¶¶ 7-10.) Plaintiffs further allege this conduct is in violation of the Telecommunications Act of 1996 ("TCA"). (*Id.* at ¶¶ 16, 41-52.) Based on these allegations, Plaintiff asserts the following claims: (1) Negligence, (2) Fraud, (3) Fraudulent Concealment, and (4) Negligence Per Se. Federal jurisdiction is based on the Parties' diversity of citizenship, the existence of a federal question, and supplemental jurisdiction.

### A. Diversity Jurisdiction.

This action is within the original jurisdiction of the United States District Court pursuant to 28 U.S.C. § 1332(a)(1): "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." This action satisfies both statutory requirements.

**1.     Diversity of citizenship.**

As required by 28 U.S.C. § 1332(c)(1), this action involves a controversy between citizens of different states. Plaintiff is a citizen of the State of South Carolina. (*See* Compl. ¶ 1.) By contrast, neither Defendant is a citizen of South Carolina.

The first Defendant, AT&T, is a corporation organized and existing under the laws of New York. (*See id.* at ¶ 2.) "[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C § 1332(c)(1). Accordingly, AT&T is a citizen of New York.

The second Defendant, Bellsouth, is a limited liability company organized and existing under the laws of the State of Georgia with a principal place of business in Georgia. (*See* Compl. at ¶ 3.) The sole member of Bellsouth Telecommunications, LLC is BellSouth, LLC, which is a Georgia limited liability company with a principal place of business in Georgia. (*See* Ex. B, Ga. Sec. of State Entity Details.) The sole member of Bellsouth, LLC is AT&T DataComm, LLC, which is a Delaware limited liability company with a principal place of business in Texas. (*See* Ex. C, Ga. Sec. of State Entity Details.) The sole member of AT&T DataComm, LLC is AT&T DataComm Holdings, Inc., a Delaware corporation with a principal place of business in Texas. (*See* Ex. D, Del. Sec. of State Entity Details.) The parent company of AT&T DataComm Holdings, Inc. is AT&T Inc., a Delaware Corporation. (*See* Ex. E, Del. Sec. of State Entity Details.) "For purposes of diversity jurisdiction, the citizenship of a limited liability company is determined by the citizenship of all of its members." *See Jennings v. HCR ManorCare Inc.*, 901 F. Supp. 2d 649, 651 (D.S.C. 2012). Bellsouth is a citizen of Georgia, Delaware, and Texas, and complete diversity thus exists between the parties.

### 2.     The amount in controversy exceeds $75,000 exclusive of interests and costs.

In the Fourth Circuit, "the test for determining the amount in controversy in a diversity proceeding is 'the pecuniary result to either party which [a] judgment would produce.'" *Dixon v. Edwards*, 290 F.3d 699, 710 (4th Cir. 2002) (alteration in original) (quoting *Gov't Employees Ins. Co. v. Lally*, 327 F.2d 568, 569 (4th Cir. 1964)). The Court may determine the amount in controversy based upon the allegations of the complaint and other relevant material in the record. *Stewart v. AT&T Mobility*, No. 3:10-3083, 2011 WL 3626654, at *2 (D.S.C. July 21, 2011) (explaining that for a diversity jurisdiction analysis, the court may consider "the complaint and any amendments thereto, the notice of removal filed with a federal court, and other relevant materials in the record"). Further, a removing party's notice of removal sufficiently establishes jurisdictional grounds for removal by making jurisdictional allegations in the same manner [as a complaint]." *See Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 200 (4th Cir. 2008).

When the aggregate damages claimed by a party exceed $75,000, the amount-in-controversy requirement for diversity jurisdiction is satisfied. 28 U.S.C. § 1332(a). The Court's determination as to the amount in controversy must also include consideration of any requests for statutory penalties and attorneys' fees made in the complaint. *See, e.g.*, *Mattison v. Wal-Mart Stores, Inc.*, No. 6:10-cv-01739, 2011 WL 494395, at *3 (D.S.C. Feb. 4, 2011) (holding that the court must consider requests for punitive damages, treble damages, and attorneys' fees in calculating the amount in controversy).

Upon information and belief, based on communications between the Parties, Plaintiff claims actual damages of $153,930. In addition to actual damages, Plaintiff also seeks punitive and statutory damages, as well as attorney's fees. (Compl. at "Wherefore" clause.) The pecuniary

4

result sought by Plaintiff thus is well over $75,000, and this action satisfies the amount in controversy requirement. The Court has diversity jurisdiction under 28 U.S.C. § 1332.

B.  **Federal Question Jurisdiction.**

In additional to diversity jurisdiction, this action is within the original jurisdiction of the United States District Court pursuant to 28 U.S.C. § 1331: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." The Supreme Court has recognized federal question jurisdiction under Section 1331 "when the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law[.]" *Verizon Maryland, Inc. v. Glob. NAPS, Inc.*, 377 F.3d 355, 362 (4th Cir. 2004); *see also Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005) (federal jurisdiction exists if resolution of claim depends on significant questions of federal law). This principle is referred to as the "substantial federal question doctrine," an exception to the well-pleaded complaint rule. *See, e.g.*, *Harper v. Massey Coal Servs., Inc.*, No. CIV.A. 2:10-0894, 2011 WL 322558, at *3 (S.D.W. Va. Feb. 2, 2011). The substantial federal question doctrine "captures the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." *Grable & Sons Metal Prods., Inc.*, 545 U.S. at 312 (citation omitted).

Federal courts use a four-part analysis to determine whether federal jurisdiction exists over a state law claim. "[F]ederal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 133 S. Ct. 1059, 1065 (2013). When all four requirements are met, federal subject matter jurisdiction is

5

proper "because there is a 'serious federal interest in claiming the advantages thought to be inherent in a federal forum,' which can be vindicated without disrupting Congress's intended division of labor between state and federal courts." *Id.* (quoting *Grable*, 545 U.S. at 313-14).

Plaintiff's negligence per se claim is based on the allegation that "Defendants[] fail[ed] to comply with the Telecommunications Act of 1996 . . . ." (Compl. ¶ 50.) Similarly, Plaintiff's class allegations center on whether the actions of Defendants "constitutes a violation of the Telephone Communications Act of 1996 . . . ." (*Id.* at ¶ 16.) "A plaintiff's right to relief for a given claim necessarily depends on a question of federal law only when every legal theory supporting the claim requires the resolution of a federal issue." *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004). The only path to liability under the negligence per se claim is through the Telecommunications Act of 1996. These allegations, therefore, raise a substantial federal question.

In addition to being necessarily raised, the federal issue in a state-created cause of action must also be actually disputed. When compliance with a federal statute is the federal issue raised by a state-created cause of action, the federal issue is "actually disputed" when there is a dispute or controversy regarding the validity, construction, or effect of the federal statute. *Grable*, 545 U.S. at 314 (citing *Hopkins v. Walker*, 244 U.S. 486, 489-90 (1917)). While Plaintiffs allege Defendants are not in compliance with the TCA, Defendants dispute those allegations and contend that no violation of the TCA has occurred. Hence, the federal issue presents an actual dispute in how compliance with the TCA is interpreted and applied.

Additionally, the question of federal law raised in Plaintiff's Complaint is substantial. In evaluating the substantiality of a federal issue in a state-law claim, courts look "to the importance of the issue to the federal system as a whole." *Gunn*, 133 S. Ct. at 1066. For example, when a

plaintiff's right to relief under a state-created cause of action turns on whether there has been a violation of a federal statute, federal courts may look to whether Congress created a private federal remedy for violation of the statute. *See, e.g.*, *Merrell Dow*, 478 U.S. at 814. If Congress has created a private right of action or federal remedy for a violation of the federal statute, then that right shows the importance of the issue to the federal system and the overall substantiality of the federal issue. *See Grable*, 545 U.S. at 318. In this case, the TCA does provide a private right of action under federal law to a plaintiff. *See* 47 U.S.C. § 206. Finally, the Court can decide this issue without disrupting the federal-state balance approved by Congress. Plaintiff's negligence per se claim premised on a violation of the TCA presents a substantial federal question that provides the Court with jurisdiction. *See Broder v. Cablevision Sys. Corp.*, 418 F.3d 187, 194-96 (2d Cir. 2005) (holding breach of contract claim and state consumer protection claim premised on violation of the TCA presented a substantial federal question providing federal question jurisdiction).

        **C.**        **The Court has supplemental jurisdiction over the remaining claims.**

Where a court has original jurisdiction over a civil action, "the court also has supplemental jurisdiction over 'all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.'" *N. Am. Van Lines, Inc. v. Atl. Transfer & Storage Co.*, 487 F. Supp. 2d 672, 674 (D.S.C. 2007) (quoting 28 U.S.C. § 1367(a)). Claims form "part of the same case or controversy if they 'derive from a common nucleus of operative fact.'" *Id.* (quoting *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966)).

Plaintiff's remaining claims are founded on the exact same facts that require resolution of Plaintiff's federal-based negligence per se claim. (*See* Compl. ¶¶ 7-11.) Moreover, Plaintiff's

7

remaining state law claims do not present a novel or new issue that would predominate over the federal questions at issue.  *See* 28 U.S.C. § 1367(c).  As such, the Court has supplemental jurisdiction over Plaintiff's remaining state law claims, and it should exercise that jurisdiction.  *See N. Am. Van Lines, Inc.*, 487 F. Supp. 2d at 675 (exercising supplemental jurisdiction over state law claims); *Martin v. Lott*, No. C/A 3:07-3782-JFA, 2009 WL 5195960, at *2 (D.S.C. Dec. 21, 2009) (exercising supplemental jurisdiction over state law claims that "derive from the same basic set of facts").

In the event any question arises as to the propriety of the removal of this matter, Defendants request the opportunity to present briefs, oral argument, and if necessary, affidavits and other evidence in support of its position that removal is proper, in accordance with *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547 (2014), and *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192 (4th Cir. 2008).

## IV.    CONCLUSION

**WHEREFORE**, Defendants hereby removes this matter from the South Carolina Court of Common Pleas for the Fifth Judicial Circuit to the United States District Court for the District of South Carolina, Columbia Division based on diversity, federal question jurisdiction, and the Class Action Fairness Act.  *See* 28 U.S.C §§ 1331, 1332, 1441, and 1446.

***[SIGNATURE ON FOLLOWING PAGE]***

Respectfully submitted,

                NELSON MULLINS RILEY & SCARBOROUGH LLP

By: /s/ Carmen Harper Thomas
    B. Rush Smith III
    Federal Bar No. 5031
    E-Mail: rush.smith@nelsonmullins.com
    Carmen Harper Thomas
    Federal Bar No. 10170
    E-Mail: carmen.thomas@nelsonmullins.com
    Phillips L. McWilliams
    Federal Bar No. 11992
    E-Mail: phillips.mcwilliams@nelsonmullins.com
    1320 Main Street / 17th Floor
    Post Office Box 11070 (29211-1070)
    Columbia, SC 29201
    (803) 799-2000

*Attorneys for Defendants AT&T Corp. and Bellsouth Telecommunications, LLC d/b/a AT&T Southeast or d/b/a AT&T South Carolina*

Columbia, South Carolina
June 20, 2017